IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| ANGELA B.,[1] | Case No. 3:21-cv-00316 |
| Plaintiff, | |
| vs. | District Judge Thomas M. Rose |
| | Magistrate Judge Caroline H. Gentry |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

# REPORT AND RECOMMENDATIONS

The parties agree that the Court should remand this Social Security case to the Commissioner but disagree on what type of remand is appropriate. The Commissioner requests an order remanding the case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Motion for Voluntary Remand, ECF No. 8.) Plaintiff opposes the Motion and requests an order remanding the case for an immediate award of benefits. (ECF No. 9.) After this Court ordered additional briefing on the issue, the parties presented arguments in favor of their positions (ECF 14 & 15). Having considered the parties' arguments, the undersigned recommends that the Court deny the Commissioner's Motion for Voluntary Remand (ECF No. 8), construe the Plaintiff's Response (ECF No. 9) as a motion for remand with an immediate award of benefits, and grant that motion.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Upon remand of a Social Security case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the Court may direct the Commissioner to conduct further proceedings or to award benefits immediately. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 410 (6th Cir. 2009). The Court may order an immediate award of benefits if "proof of disability is overwhelming or [] the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). An immediate award of benefits is only proper "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id*.

A few important facts are not in dispute. Neither party challenges the substance of the residual functional capacity (RFC) identified by the administrative law judge (ALJ). It is undisputed that the ALJ presented the RFC to the vocational expert (VE) as hypothetical two. It is also undisputed that the ALJ applied Grid Rule 202.14 for light work. The key question is whether the ALJ erred as a matter of law by failing to utilize Grid Rule 201.14 for sedentary work, which would require a finding of disability.

Plaintiff contends that the ALJ plainly committed this error of law and argues that she is entitled to benefits based on the existing factual record. (ECF No. 9 at 4, PageID 818.) The Commissioner disagrees, arguing that it is "unclear" whether the ALJ should have used Grid Rule 201.14 for sedentary work because the testimony of the vocational expert was ambiguous and could have been interpreted to allow Plaintiff to perform light work. (ECF No. 14 at 3-4, PageID 839-40.) Plaintiff argues that there was no ambiguity on this point, relying upon this excerpt from the vocational expert's testimony:

2

> ALJ: Can this hypothetical individual perform any work in the national economy assuming again that the past work is no longer available?
>
> ….
>
> VE: Your Honor, the light work that I cited, ***I really do not have light work that would fit this hypothetical number two based on the limitation on standing and walking***.
>
> ALJ: So would there be sedentary work?
>
> VE: Yes. I'm able to provide three work samples.

(ECF No. 15 at 1, PageID 842 (citing R. 63) (emphasis added).)

The undersigned agrees that the vocational expert unambiguously testified that Plaintiff is unable to perform any light work under hypothetical two, which was the RFC identified by the ALJ. As a matter of law, therefore, the ALJ should have used Grid Rule 201.14 and found Plaintiff to be disabled. Since "all essential factual issues have been resolved and the record adequately establishes" Plaintiff's entitlement to benefits, an immediate award of benefits is proper. *Faucher*, 17 F.3d at 176.

Accordingly, the undersigned **RECOMMENDS** that the Court deny the Commissioner's Motion for Voluntary Remand (ECF No. 8), construe the Plaintiff's Response (ECF No. 9) as a motion for remand with an immediate award of benefits, and grant that motion.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).